# MITCHELL L. PASHKIN, ATTORNEY AT LAW

## DEBT COLLECTIONDEFENSE    CONSUMER PROTECTION

## COURT ACTIONS, TRIALS AND APPEALS

Mitchell L. Pashkin, Esq., Principal

<u>Admitted</u>
Supreme Court of the United States
United States Court of Appeals for the Second Circuit
Eastern, Southern, Northern, and Western Federal District of New York
New York State

                      Tel: (631) 629-7709
                      Fax: (631) 824-9328

                     mpash@verizon.net

<u>775 PARK AVENUE, STE. 255, HUNTINGTON, NY  11743</u>

The Honorable Joanna Seybert
United States District Court
100 Federal Plaza
Central Islip, NY 11722

Re: Stewart v Selip & Stylianou, LLP, 2:17-cv-02745-JS-SIL
    Opposition to Request for Pre-Motion Conference

September 7, 2017

Dear Judge Seybert:

  I represent Plaintiff.  For the below reasons, Defendant's request for a pre-motion conference should be denied without prejudice.

  First, per Defendant's letter, Defendant plans to make a summary judgment motion based on its following characterization of the allegations in Plaintiff's Complaint.  "Plaintiff claimed that SSL violated the FDCPA because the Letter did not indicate that the balance was not increasing and, therefore, the "least sophisticated consumer" could be left uncertain as to whether the balance would ultimately increase."  There is no honest and non-frivolous way to read the Complaint to be alleging a violation based on Defendant's failure to include in the Letter a statement that "the balance was not increasing".  Instead, the Complaint plainly alleges that for the reasons set forth in the Complaint the balance "may increase due to interest, late charges, and/or other charges"; the Letter fails to advise Plaintiff of this fact; and therefore, per *Avila*, Defendant violated 1692e by sending Plaintiff the Letter.  In fact,

the documents which Defendant annexed as exhibits to its Answer support the allegation in the Complaint the balance "may increase due to interest, late charges, and/or other charges".

Next, based on Defendant's letter, Defendant plans to rely on *Dick* and *Taylor*. However, the dismissals by the court in both *Dick* and *Taylor* indisputably were based on the court finding that the debt collector had no obligation to inform the consumer that the balance would not increase. Neither the decision in *Dick* nor in *Taylor* addressed the viability of a Complaint such as in the case at bar which actually alleges that the balance may increase but the debt collection letter fails to include the type of safe-harbor language required by *Avila*.

Next, based on the first full paragraph on page 2 of its letter, Defendant also plans to base its motion on the inability of Plaintiff to show that Defendant ever actually sought to collect from Plaintiff more than the Balance Due set forth in the letter. In *Sperber*, the debt collector made the identical argument; and Judge Ross explained why this argument is an incorrect interpretation of *Avila*:

> "CCS argues that the plaintiffs in the cases summarized above prevailed only if they were able to show that interest was actually accruing on their debt when they received debt collection notices. That is not accurate. The Second Circuit in *Avila* rested its ruling on plaintiff's *allegation* that interest was accruing daily on her debt. *Avila,* 817 F.3d at 74."

Plaintiff knows of no other case from a District Court in this Circuit which also has addressed this particular argument regarding the applicability of *Avila*.

Defendant's aforementioned argument on page 2 of its letter also is meritless based on the following portion of *Avila* where the Second Circuit explained why it was misleading to fail to include the type of safe-harbor language required by *Avila*:

> "In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, **or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer**. (*emphasis added*)" <u>Avila</u>, *supra* at 76.

There also are several other portions of *Avila* which render Defendant's aforementioned argument on page 2 of its letter meritless.

Finally as regards the legal arguments set forth in Defendant's letter, Defendant's letter also argues for the dismissal of the Complaint based on the knowledge of Plaintiff himself regarding the amount of the debt. In <u>Douglass v. Forster & Garbus LLP</u>, 16-cv-6487 (W.D. N.Y., 2016) (Siragusa, J.), the debt collector argued that *Avila* does not or should not apply where a consumer is well aware that her balance may increase. The court in *Douglass*

expressly rejected this argument. In addition, The Second Circuit has been very clear that FDCPA liability is not determined by examining the effect on the "Plaintiff", and "materiality" is not determined based on a "subjective" standard. Instead, as set forth in <u>Easterling v. Collecto, Inc.</u>, 692 F.3d 229 (2nd Cir., 2012), it is based on an "objective" standard based on a "hypothetical" least sophisticated consumer. See also <u>Jacobson v. Healthcare Fin. Servs., Inc.</u>, 516 F.3d 85, 90, 91 (2d Cir.2008).

As regards Defendant's argument regarding the viability of a class action, Plaintiff served Interrogatories and a Request for Production of Documents on Defendant. These discovery demands included a request for information and documents that would allow Plaintiff to determine the viability of a class action. Defendant has objected to each and every discovery demand. It is unlikely that this court could determine the viability of a class action until Defendant provides the requested information and documents. In fact, during the Initial Conference before Magistrate Locke, Defendant asked Magistrate Locke to prohibit discovery regarding a potential class until after a determination by this court regarding the merits of the Complaint. Magistrate Locke denied Defendant's request. In addition, this is a case involving the contents of a debt collection letter. These types of cases generally are susceptible to class treatment.

Sincerely,
*Mitchell L. Pashkin*
Mitchell L. Pashkin