```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES STEWART, on behalf of himself
and all others similarly situated,

                Plaintiff,           MEMORANDUM & ORDER
                                     17-CV-2745(JS)(SIL)
        -against-

SELIP & STYLIANOU, LLP,

                Defendant.
----------------------------------X
```

APPEARANCES
For Plaintiff
James Stewart:           Mitchell L. Pashkin, Esq.
                         775 Park Avenue, Ste. 255
                         Huntington, NY 11743

For Defendant
Selip & Stylianou LLP:   Robert L. Arleo, Esq.
                         380 Lexington Avenue, 17th Floor
                         New York, NY 10168

                         Sestino Steven Barone, Esq.
                         Selip & Stylianou, LLP
                         199 Crossways Park Drive
                         Woodbury, NY 11797

SEYBERT, District Judge:

Pending before the Court in this matter commenced pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), are: (1) Plaintiff James Stewart's ("Plaintiff") motion for summary judgment (Pl.'s Mot., Docket Entry 23), (2) Defendant Selip & Stylianou's ("Defendant") motion for summary judgment (Def.'s Mot., Docket Entry 24), and (3) Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R") issued on July 26, 2018 recommending that the Court deny

Plaintiff's motion and grant Defendant's motion (R&R, Docket Entry 38). Plaintiff alleges that a letter from Defendant dated December 3, 2015 violated Section 1692e of the FDCPA ("Section 1692e").[1] (Compl., Docket Entry 1-1, at ECF pp. 8-16, ¶¶ 26-27; Dec. 2015 Letter, Docket Entry 1-1, at ECF p. 18.) On August 9, 2018, Plaintiff filed objections to the R&R, and Defendant responded on August 13, 2018. (Pl.'s Obj., Docket Entry 39; Def.'s Resp., Docket Entry 40.) For the following reasons, Plaintiff's objections are OVERRULED, and the Court ADOPTS Judge Locke's R&R in its entirety.

DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify,

---

[1] Plaintiff voluntarily withdrew his other claims prior to the issuance of Judge Locke's R&R. (See Stip. & Order, Docket Entry 32; Minute Order, Docket Entry 37.)

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

Section 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

In a letter dated December 3, 2015 (the "December 2015 Letter"), Defendant advised Plaintiff that it was initiating a lawsuit in state court to collect an outstanding balance of $3,182.84 owed by Plaintiff (the "State Court Action") and that "legal documents ha[d] already been forwarded for filing with the

3

court."[2]  (Dec. 2015 Letter.)  The State Court Action was filed on December 9, 2015.  (See Summons & Compl.)  It is undisputed that, in addition to the balance due, the complaint in the State Court Action sought costs associated with the lawsuit.  (R&R at 2.)  The December 2015 Letter did not disclose that the balance could increase due to costs or fees.

Plaintiff argues that because Defendant was seeking costs associated with the State Court Action at the time the December 2015 Letter was sent, payment of the amount stated in the letter would not have satisfied the debt, rendering the letter deceptive and misleading under Section 1692e and the Second Circuit's recent decision in Taylor v. Financial Recovery Services, 886 F.3d 212 (2d Cir. 2018).  According to Plaintiff, Judge Locke failed to take into account that the complaint in the State Court Action was drafted before the December 2015 Letter was sent and that the State Court Action was formally commenced within several days of Plaintiff's receipt of the letter.  (Pl.'s Obj. at 2.)  Plaintiff concludes that, as a result, "it cannot be said that the debt would have remained static long enough to permit a consumer to satisfy the debt through prompt repayment of the balance set forth in the letter."  (Pl.'s Obj. at 2.)

---

[2] The Summons and Complaint in the State Court Action were dated November 30, 2015.  (Summons & Compl., Def.'s Mot., Ex. 4, Docket Entry 24-5.)

4

The Court disagrees. Judge Locke considered these facts but concluded that because "the recovery of such costs depended on the successful litigation of the State Court Action[,] . . . . the costs of the State Court Action could not have accrued" when Plaintiff received the December 2015 Letter. (R&R at 8.) In other words, the balance was static even after the commencement of the State Court Action because costs had not been awarded, and in fact, might never be awarded. The Court is persuaded by Judge Locke's reasoning; Defendant's failure to disclose the possibility that the state court might award costs to Defendant at some point in the future if Defendant prevailed in the State Court Action is not a violation of Section 1692e.

Finally, Plaintiff argues--for the first time--that the affidavit of Mitchell Selip (the "Selip Affidavit") demonstrates that the debt was not static after the commencement of the State Court Action.[3] (Pl.'s Obj. at 2; Selip Aff., Def.'s Mot., Ex. 2, Docket Entry 24-3.) Paragraph 26 of the Selip Affidavit states: "If the herein Plaintiff had paid the $3,182.84 at any time prior to the commencement of the New York City Civil Court lawsuit, his

---

[3] As the affidavit was filed with Defendant's motion for summary judgment, Plaintiff could have raised this argument in his opposition, but he elected not to file an opposition to Defendant's motion. (Pl.'s Resp. Ltr., Docket Entry 27.) Further, Plaintiff did not raise this argument in his reply brief in further support of his motion. (See Pl.'s Reply, Docket Entry 29.)

5

. . . debt would have been considered paid in full by . . . the Defendant." (Selip Aff. ¶ 26.) Plaintiff interprets this to mean that Defendant would not have accepted $3,182.84 in full satisfaction of the debt after the State Court Action was commenced, and as a result, the balance was increasing. However, a review of the entire Affidavit makes clear that Defendant only seeks court costs after judgment is entered. (Selip Aff. ¶ 5.) It states: "Only if legal action is commenced against a consumer does [creditor] seek actual disbursements incurred associated with any lawsuit, and even then only upon entry of judgment and only for the amount awarded in the judgment entered by the court." (Selip Aff. ¶ 5.) Further, Selip attests that Defendant "does not seek any additional interest, costs, and/or additional fees in regard to any . . . defaulted debt balance prior to the time a judgment is entered by the court." (Selip Aff. ¶ 6.) Thus, even if costs were ultimately awarded, the balance remained static at least until judgment was entered in the State Court Action. Plaintiff's contention that the balance was increasing as of the date of the commencement of the State Court Action is further undermined by letters sent by Defendant to Plaintiff in January 2016. (See Jan. 26, 2016 Letter, Def.'s Mot., Ex. 7, Docket Entry 24-8; Jan. 29, 2016 Letter, Def.'s Mot., Ex. 8, Docket Entry 24-9.) Both letters state that the balance due as of that date was

$3,182.84--the same amount reflected in the December 2015 Letter and sought in the State Court Action.

CONCLUSION

The Court has considered Plaintiff's objections and finds them to be unpersuasive. Therefore, Plaintiff's objections are OVERRULED. Judge Locke's R&R is thorough and well-reasoned, and the Court ADOPTS it in its entirety. Plaintiff's motion for summary judgment (Docket Entry 23) is DENIED. Defendant's motion for summary judgment (Docket Entry 24) is GRANTED, and the Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __30__, 2018
      Central Islip, New York